IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY VARGELETIS, (TDCJ-CID #1205763) Plaintiff, vs. RISSIE OWENS, Defendant. | § § § § § § § § § § § | CIVIL ACTION H-09-0068 |

## MEMORANDUM AND OPINION

Jeffery Vargeletis, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued on December 2, 2008, alleging civil rights violations resulting from the denial of compensation for work in prison after the date Vargeletis claims he should have been released on mandatory supervision. Vargeletis, proceeding *pro se* and *in forma pauperis*, sued Rissie Owens, Director of the Texas Board of Pardons and Paroles ("Board"). For the reasons stated below, this court concludes that Vargeletis's claims lack merit and are dismissed.

I.  **The Allegations in the Complaint**

Vargeletis states that his flat time, good time, and work time together equaled one hundred percent of his sentence and that he should have been released to mandatory supervision on October 23, 2007. Vargeletis argues that because he has completed the properly calculated sentence, he should be compensated for the work he performs in prison and that the denial of compensation violates his rights under the Thirteenth Amendment. Vargeletis states that he is not seeking his release from TDCJ-CID. Instead, he seeks compensation for each day he works in the TDCJ-CID

past October 23, 2007, which he claims is the date he should have been released on mandatory supervision.

**II.    Discussion**

Under 28 U.S.C. § 1915A, federal courts are authorized to review as soon as practicable a complaint in a civil action in which a prisoner sues a governmental entity or officer or employee. The court must dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Vargeletis's allegation of involuntary servitude is frivolous. Section One of the Thirteenth Amendment to the United States Constitution reads as follows: "Neither slavery nor involuntary servitude, except as punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The Fifth Circuit has clearly held that requiring inmates to work without compensation does not violate the Constitution nor constitute involuntary servitude. *Wendt v. Lynaugh,* 841 F.2d 619, 621 (5th Cir. 1988). The State maintains discretion to determine whether and under what circumstances inmates will be paid for their labor. The Fifth Circuit also emphasized that "inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work." *Ali v.*

*Johnson,* 259 F.3d 317, 317 (5th Cir. 2001). Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor. *See id.*; *Murray v. Miss. Dep't of Corr.,* 911 F.2d 1167, 1167 (5th Cir. 1990). Nor do inmates have a claim under the Fair Labor Standards Act if they are forced to work without compensation. *Loving v. Johnson,* 455 F.3d 562, 563 (5th Cir. 2006). Moreover, "[t]he refusal to work, by a group or even a single inmate, presents a serious threat to the orderly functioning of a prison. Any unjustified refusal to follow the established work regime is an invitation to sanctions." *Mikeska v. Collins,* 900 F.2d 833, 837 (5th Cir. 1990), modified, 928 F.2d 126 (5th Cir. 1991).

A prisoner is not entitled to compensation for work done in prison, *Wendt v. Lynaugh,* 841 F.2d at 621. As a result, Vargeletis's suit seeks compensation for the time he has been in prison past the date he asserts he should have been released. (Docket Entry No. 1, Complaint, p. 4). To recover damages for allegedly unconstitutional imprisonment, a plaintiff must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477 (1994); *see also Boyd v. Biggers,* 31 F.3d 279 (5th Cir. 1994). Vargeletis's pleadings as well as this court's online research confirm that he cannot meet this requirement. As a result, Vargeletis's claims are invalid under section 1983 and must be dismissed under 28 U.S.C. § 1915A(b)(1). *See Heck,* 512 U.S. at 487-88; *McGrew,* 47 F.3d at 161; *Asif v. Scott,* 244 F.3d 135 (Table), 2000 WL 1901547 (5th Cir. 2000) (applying *Heck* to an action attacking the failure to release a prisoner to mandatory supervision.).

On-line research reveals that Vargeletis is serving a five-year sentence for a 2003 conviction

for burglary of a building with intent to commit theft. (Cause Number 967037). Vargeletis is also serving a 180-day sentence for a 2006 conviction for possession of less than one gram of cocaine. (Cause Number 1068919). Online records show that Vargeletis's maximum discharge date is September 30, 2009. Vargeletis has failed to allege that he was deprived of a right or interest secured by the Constitution and laws of the United States. His suit lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on June 17, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge